THOMAS M. MCINERNEY (State Bar No. 162055)
tmm@ogletreedeakins.com
MICHELLE M. LEETHAM (State Bar No. 124578)
michelle.leetham@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant SIMPLEXGRINNELL LP

LAW OFFICE OF ARKADY ITKIN
ARKADY ITKIN (State Bar No. 253194)
arkady@arkadylaw.com
335 Powell Street, 14th Floor
San Francisco, CA  94102
Telephone:    415.640.6765
Facsimile:     415.508.3474

Attorney for Plaintiff COMERLIS DELANEY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| COMERLIS DELANEY,<br><br>        Plaintiff,<br><br>    v.<br><br>SIMPLEXGRINNELL LP,<br><br>        Defendant. | Case No. 10-cv-5103 MEJ<br><br>**STIPULATION AND [PROPOSED] ORDER RE:  MENTAL AND EMOTIONAL DISTRESS DAMAGES OF PLAINTIFF COMERLIS DELANEY**<br><br>Complaint Filed: October 12, 2010<br>Trial Date:         March 12, 2012<br>Judge:               Hon. Maria-Elena James |

## STIPULATION

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Comerlis Delaney ("Plaintiff"), by his attorneys of record – Law Office of Arkady Itkin, by Arkady Itkin, attorney at law, and Defendant SimplexGrinnell LP ("Defendant"), by its attorneys of record – Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by Michelle M. Leetham, attorney at law (collectively "Parties"), that the following Stipulation may be entered as an Order by the Court to give effect to the stipulations set forth below:

**WHEREAS**, Plaintiff has not brought a claim for either intentional or negligent infliction of emotional distress.

**WHEREAS**, Plaintiff does claim emotional distress damages as a result of the alleged discrimination, alleged retaliation and other claims as pled by Plaintiff.

**WHEREAS**, Plaintiff does not allege that he suffered a psychiatric injury or disorder as a result of Defendant's conduct, nor does he allege that any physical injury or adverse physical conditions were caused by the distress, apart from some limited periods of lethargy, sleeplessness and loss of appetite.

**WHEREAS**, Plaintiff does not claim to suffer from unusually severe emotional distress and does not intend to offer expert testimony regarding his emotional distress.

**WHEREAS**, Plaintiff volunteers that he has suffered "garden-variety" emotional distress. He has experienced distress, anger, anxiety, depression, humiliation, lethargy and worry about his future.

**WHEREAS**, Plaintiff sought medical treatment due to his emotional distress approximately four times while employed with SimplexGrinnell LP and on one occasion after the termination of his employment, but he does not intend to use the treating physicians' testimony for the present suit.

**WHEREAS**, the distress for which Plaintiff was treated before and during the leave of absence he took from January 28, 2010 through April 11, 2010 is not the subject of any claim in

this lawsuit, as it was caused by events that preceded and are not related to the alleged discrimination, alleged retaliation and other claims as pled by Plaintiff.

**WHEREAS**, Defendant seeks to conduct a mental examination of Plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure.

**WHEREAS**, Plaintiff will not offer any expert testimony at trial in support of any claimed emotional distress;

**WHEREAS,** nothing in this Stipulation shall prevent either Party from seeking relief from the Court for any unknown or unforeseeable circumstances that should arise subsequent to the execution and order of this Stipulation; and

**WHEREAS**, in reliance upon Plaintiff's afore-referenced representation, Defendant will not seek to compel Plaintiff to a mental examination. However, should Plaintiff later seek to claim emotional distress damages over and above that usually associated with the physical and mental injuries claimed and as set forth in this Stipulation, Defendant will suffer extreme prejudice because it would have had no opportunity to conduct a full mental examination as provided for under Rule 35 of the Federal Rules of Civil Procedure.

**NOW, THEREFORE**, the Parties hereby **STIPULATE AND AGREE** through their respective counsel of record, as follows:

1. Plaintiff volunteers that he has suffered "garden-variety" emotional distress. He has experienced distress, anger, anxiety, depression, humiliation, lethargy, and worry about his future. He sought medical treatment due to his emotion distress approximately four times while employed with SimplexGrinnell LP and on one occasion after the termination of his employment, but he does not intend to use the treating physicians' testimony for the present suit; and

2. Plaintiff will not offer any expert testimony at trial in support of any claimed mental and/or emotional distress.

//
//
//
//

DATED: August 9, 2011.        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: _____/s/_____Michelle M. Leetham_____
THOMAS M. McINERNEY
MICHELLE M. LEETHAM

Attorneys for Defendant
SIMPLEXGRINNELL LP

DATED: August 9, 2011.        LAW OFFICE OF ARKADY ITKIN


By: _____/s/_____Arkady Itkin_____

ARKADY ITKIN
Attorney for Plaintiff COMERLIS DELANEY

**[PROPOSED] ORDER**

Based on the foregoing Stipulation of the Parties, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. Plaintiff agrees that none of his claims, as set forth in the Complaint, is being made for mental and emotional distress over and above "garden-variety" emotional distress; and

2. Plaintiff will not offer any expert testimony at trial in support of any claimed emotional distress.

DATED: August 10, 2011

_____
Maria-Elena James
U.S. District Court Chief Magistrate Judge